Argued and submitted January 27, affirmed March 1, 1989

In the Matter of the Marriage of

## BERRY,
*Petitioner,*

*and*

## BERRY,
*Respondent.*

## STATE ex rel BERRY,
*Respondent,*

*v.*

## BERRY,
*Appellant.*

(D85-1762; CA A45379)

769 P2d 786

Monte C. McKeehen, Eugene, argued the cause for

appellant. With him on the brief were John White and McKeehen & Salter, Eugene.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from a judgment of wilful contempt of court and the imposition of a 180-day jail sentence. He contends that the ruling of the trial court prevents him from engaging in the free exercise of his religion.[1] We affirm.

In 1985, defendant was ordered to pay support as a result of a proceeding brought under the Uniform Reciprocal Enforcement of Support Act (URESA), on behalf of his children from a former marriage. Since 1980, he has been a member of the "Bride of Christ," a religious organization which forbids individual members from having separate earnings or supporting non-members. The members work together in a business operated by the church, and its income is used to provide for their needs. This proceeding arose in 1987 after defendant failed to comply with the support order.

Defendant argues that, if he complies with the support order, he will not be allowed to continue as a member of his church and that result violates the First Amendment of the United States Constitution and Article I, sections 2 and 3 of the Oregon Constitution. We first examine the issue under the Oregon Constitution. *See Smith v. Employment Div.,* 301 Or 209, 213, 721 P2d 445 (1986), *rem'd* 485 US ___, 108 S Ct 1444, 99 L Ed 2d 753, *aff'd on remand* 307 Or 68, 763 P2d 146 (1988).

■ In *Smith,* the Oregon Supreme Court ruled that Article I, sections 2 and 3 are to be interpreted independently of the federal constitution. It held that the denial of unemployment benefits to a claimant who was fired for ingesting peyote during a religious ceremony does not violate the Oregon Constitution because the unemployment compensation laws are neutral in terms and in application with respect to religiously motivated claimants. Similarly, the statutes providing liability for contempt of court for wilful failure to pay child support[2] are neutral on their face and as applied to all child

---

[1] Defendant's other arguments regarding his inability to pay and that he did not act in bad faith do not merit discussion except to note that the record clearly indicates that defendant, a skilled worker, deliberately chose not to obtain employment outside his religious organization. His "inability" to pay is self-imposed.

[2] ORS chapter 110 embodies the URESA. ORS 33.010 to ORS 33.150 establish the contempt procedure to enforce a URESA order.

support obligors. Defendant's argument under the Oregon Constitution fails for that reason.

■　　　Defendant's First Amendment argument was considered and rejected in *State v. Sprague,* 25 Or App 621, 628, 550 P2d 769, *rev den* (1976), which holds that the compelling interest of the state to require parents to support their children outweighs any direct burden upon the free exercise of religion. We have examined the relevant United States Supreme Court cases since 1976 and find nothing in them which affects our holding in *Sprague.* Therefore, we adhere to that holding.

Affirmed.